UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BELLA LAYNE HOLDINGS, LLC, et al., | Case No. 2:21-CV-235 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| SOUTHERN NEVADA WATER AUTHORITY, et al., | |
| Defendant(s). | |

Presently before the court is defendants Las Vegas Valley Water District ("LVVWD") and Southern Nevada Water Authority's ("SNWA") motion to dismiss plaintiffs Bella Layne Holdings, LLC ("Bella") and Global Pest Services, LLC's ("Global") (collectively "plaintiffs") complaint (ECF No. 11), with defendant City of North Las Vegas ("CNLV") (collectively, with LVVWD and SNWA, "defendants") joining thereto (ECF No. 16). Plaintiffs responded in opposition. (ECF No. 19). No replies were filed and the time to do so has passed.

Also before the court is LVVWD and SNWA's motion to dismiss plaintiffs' first amended complaint ("FAC") (ECF No. 21), with CNLV joining thereto (ECF No. 22). Plaintiffs responded in opposition (ECF No. 33), to which LVVWD and SNWA replied (ECF No. 34).

Also before the court is plaintiffs' motion to strike CNLV's joinder to the second motion to dismiss. (ECF No. 32). No responses have been filed and the time to do so has passed.

**James C. Mahan**
**U.S. District Judge**

Also before the court is CNLV's motion for judgment on the pleadings. (ECF No. 36). Plaintiffs responded in opposition. (ECF No. 37). No reply has been filed and the time to do so has passed.

**I.  FACTS & POCEDURAL HISTORY**

Bella owns real property located at 342 Precision Drive, North Las Vegas, Nevada 89157 (APN No. 139-08-712) (the "Property"). (ECF No. 18 at 3). The Property is a large steel frame commercial warehouse and office space. (*Id.*). Global is Bella's tenant, operating its pest control services out of the Property. (*Id.*).

SNWA and LVVWD are political subdivisions in Nevada,[1] and CNLV is a local government and political subdivision of Nevada. (*Id.* at 3). Defendants own adjoining parcels of land, atop which sits five water storage tanks and other structures (the "Reservoir"). (*Id*). The Reservoir is located 200 feet to the south of the Property. (*Id.*) Plaintiffs allege that each defendant has access to the entirety of the Reservoir, that defendants share operations of the Reservoir, and that defendants are in constant communication with each other regarding the operation of the Reservoir. (*Id.* at 3–4).

Plaintiffs allege that defendants allowed water to leak from the Reservoir at such a high volume and frequency that it caused extensive cosmetic and structural damage to the Property. (*Id.* at 5). According to plaintiffs, the water seeped into the ground below the Reservoir and made its way to the Property, where it collected and caused the ground upon which the Property sits to swell and move. (*Id.*) Plaintiffs further allege that defendants had a policy, practice, or custom of either facilitating the water leakage or of being deliberately indifferent to it. (*Id.*).

Based on the above, plaintiffs assert two claims against defendants under 42 U.S.C. § 1983 ("Section 1983"): claim one for deprivation of [laintiffs' use of the Property without

---

[1] SNWA is also a municipality. *See* NEV. REV. STAT. §§ 244A.0347, 538.04(5). LVWD is also a local government and a municipality. *See* NEV. REV. STAT. §§ 244A.0347, 538.041(1)(b). Regarding CNLV, local governments, like municipalities, are subject to liability claims and immune from punitive damages under Section 1983. *See Monell v. Dept. of Social Servs.,* 436 U.S. 658, 690–91, 698 (1978); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 266 (1981).
James C. Mahan
U.S. District Judge

- 2 -

due process of law or just compensation in violation of the Fifth and Fourteenth Amendments; and claim six for civil conspiracy to deprive plaintiffs of their Fifth and Fourteenth Amendment rights.[2] (*Id.* at 6, 10). Plaintiffs additionally allege seven state law claims against defendants for violation of The Nevada Constitution, trespass, nuisance, conversion, civil conspiracy/concert of action, negligence, and inverse condemnation. (*Id.* at 8–11).

After plaintiffs filed their complaint, LVVWD and SNWA moved to dismiss (ECF No. 11), with CNLV joining (ECF No. 16). However, plaintiffs exercised their right to amend the complaint under Federal Rule of Civil Procedure 15(a)(1)(B) before judgment was rendered on the motion to dismiss. (ECF No. 18; ECF No. 19). Thereafter, LVVWD and SNWA moved to dismiss the FAC (ECF No. 21). CNLV answered the FAC before filing a joinder to LVVWD and SNWA's motion to dismiss. (ECF No. 22). Plaintiffs now move to strike that joinder. (ECF No. 32).

**II.   LEGAL STANDARD**

**A.  12(b)(6) motion to dismiss for failure to state a claim**

Federal Rule of Civil Procedure 8 requires every pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. Although Rule 8 does not require detailed factual allegations, it does require more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In other words, a pleading must have *plausible* factual allegations that cover "all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citation omitted) (emphasis in original); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

---

[2] Plaintiffs' FAC does not clearly set forth whether the sixth claim for relief, "Civil Conspiracy/Concert of Action," is part of the Section 1983 claim for violation of their Fifth and Fourteenth Amendment rights or merely a state law claim. Thus, drawing all reasonable inferences in plaintiffs' favor, the court treats this claim as implicating both. *See Iqbal*, 556 U.S. at 678.

James C. Mahan
U.S. District Judge

- 3 -

The Supreme Court in *Iqbal* clarified the two-step approach to evaluate a complaint's legal sufficiency on a Rule 12(b)(6) motion to dismiss. First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in the plaintiffs' favor. *Iqbal*, 556 U.S. at 678–79. Legal conclusions are not entitled to this assumption of truth. *Id.* Second, the court must consider whether the well-pleaded factual allegations state a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the court can draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. When the allegations have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" grant leave to amend "when justice so requires," and absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

**B.  12(c) motion for judgment on the pleadings**

"Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. U.S.*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citations omitted). More specifically, a district court may dismiss a claim under Rule 12(c) for factual insufficiency. *See Buel v. City and Cnty. of S.F.*, 166 Fed.Appx. 901 (9th Cir. Jan. 5, 2006) (holding so in a section 1983 municipal liability suit); *Robinson v. San Bernardino Cnty.*, 815 Fed.Appx. 218, 219 (9th Cir. Aug. 10, 2020) (holding so in a section 1983 conspiracy suit).

James C. Mahan
U.S. District Judge

"Thus, when brought by a defendant, the same legal standard applies to post-answer Rule 12(c) motion for judgment on the pleadings as applies to pre-answer Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *Whitney v. CTX Mortg. Co., LLC*, No. 11-CV-0037 (LRH), 2012 WL 1956860, at *1 (D. Nev. May 31, 2012) (citations omitted).

### C. Leave to amend

It is well established that leave to amend should be freely granted unless amendment would be futile. *See, e.g.*, *DeSoto*, 957 F.2d at 658. Courts also have discretion to grant leave to amend when claims are dismissed pursuant to Rule 12(c). *Breakman v. Stubbs*, No. 10-CV-00487 (WGC), 2012 WL 1588293, at *2 (D. Nev. May 3, 2012) (citation omitted); *see Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, at 742 (9th Cir. 2008).

## III. DISCUSSION

As an initial matter, LVVWD and SNWA's motion to dismiss plaintiffs' original complaint (ECF No. 11) is mooted by the FAC (ECF No. 18). Accordingly, the first motion to dismiss (ECF No. 11) is DENIED as moot.

Turning to the motions to dismiss the FAC, LVVWD and SNWA seek dismissal of all claims against them. (ECF No. 21). CNLV seeks to join their motion (ECF No. 22), but plaintiffs seek to strike that joinder (ECF No. 32). However, CNLV also seeks judgment on the pleadings. (ECF No. 36).

### A. Plaintiffs' motion to strike CNLV's joinder

CNLV did not respond to plaintiffs' motion to strike CNLV's joinder. (ECF No. 32). Accordingly, plaintiffs' motion to strike is GRANTED. LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to granting of the motion."); *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010) (holding that district courts have inherent power to control their dockets and manage their affairs, including the power to strike or deny motions to streamline motion practice and promote judicial efficiency).

. . .

**James C. Mahan**
**U.S. District Judge**

### B. CNLV's motion for judgment on the pleadings

A 12(c) motion may be filed "[a]fter pleadings are closed but within such time as not to delay the trial." FED. R. CIV. P. 12(c). "[P]leadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming . . . that no counterclaim or cross-claim is made." *Doe v. U.S.*, 419 F.3d 1058, 1061 (9th Cir. 2005).

Here, prior to moving for judgment on the pleadings, CNLV answered plaintiffs' FAC. (ECF No. 20). No counterclaims or cross-claims have since been filed. Therefore, CNLV's 12(c) motion is timely. *See* FED. R. CIV. P. 12(c).

"[T]he same legal standard applies to post-answer Rule 12(c) motion for judgment on the pleadings as applies to pre-answer Rule 12(b)(6) motion to dismiss." *Whitney*, 2012 WL 1956860 at *1. Here, plaintiffs make substantially similar arguments in response to CNLV's motion for judgment on the pleadings as to LVVWD and SNWA's motion to dismiss. (*See* ECF No. at 9–20). Thus, the analysis for LVVWD and SNWA's motion to dismiss is substantially similar to the analysis for CNLV's motion for judgment on the pleadings.[3]

Accordingly, in the interest of judicial efficiency, the court determines CNLV's motion for judgment on the pleadings together with LVVWD and SNWA's motion to dismiss. *See Ready Transp., Inc.*, 627 F.3d at 404–05.

### C. LVVWD and SNWA's motion to dismiss the FAC

LVVWD and SNWA contend that plaintiffs' Section 1983 claims should be dismissed because plaintiffs did not sufficiently plead to the existence of a custom or policy to establish municipal liability as required under *Monell*. (ECF No. 21 at 5–6, 8–9). Further, LVVWD and SNWA argue that plaintiffs' requests for punitive damages are not available through Section 1983, and therefore should be dismissed. (ECF No. 21 at 11). This court agrees on all fronts.

---

[3] Plaintiffs argue that CNLV should not be allowed to incorporate by reference the arguments made by LVWD and SNWA in CNLV's motion to dismiss the FAC. (ECF No. 37 at 7). Yet, plaintiffs fail to assert any authority in support of their position. (*See id.*). Therefore, the court considers the arguments from LVWD and SNWA's motion to dismiss in determining CNLV's motion for judgment on the pleadings.

Plaintiffs contend that claims arising under section 1983 "are subject only to the liberal notice pleading standard of FED. R. CIV. P. 8," and a bare allegation of official policy, custom, or practice is sufficient at the pleading stage to survive a motion to dismiss. (ECF No. 33 at 3–4). Plaintiffs are mistaken.

The Ninth Circuit has explicitly stated that the "bare allegation," notice-pleading standard previously sufficient to establish claims under Section 1983 is no longer sufficient, as it has been abridged by *Iqbal*. *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012). Section 1983 claims must now, under *Twombly* and *Iqbal*, "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself," and the alleged facts must be sufficiently plausible. *Id.* Thus, the court applies the standards set by the Supreme Court in *Twombly* and *Iqbal*, as articulated above, to evaluate plaintiffs' FAC.

1. Plaintiffs' Section 1983 *Monell* claim

The Supreme Court in *Monell* held that "municipalities and other local government units" are liable for employees' constitutional torts only if the employees acted tortiously pursuant to a municipal custom or policy. *Monell*, 436 U.S. at 690–91, 698. Furthermore, "a municipality cannot be held liable under [S]ection 1983 on a *respondeat superior* theory." *Id.* at 694.

Therefore, to survive this motion to dismiss, plaintiffs must sufficiently allege that "(1) [they were] deprived of a constitutional right; (2) the [municipality] had a policy; (3) the policy amounted to a deliberate indifference to [their] constitutional right; and (4) the policy was the 'moving force behind the constitutional violation.' " *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001) (quoting *Van Ort v. Estate of Stanewhich*, 92 F.3d 831, 835 (9th Cir. 1996)).

The Ninth Circuit has held that a plaintiff can establish a municipal policy by demonstrating one of the following:

> (1) the constitutional tort was the result of a longstanding practice or custom which constitutes the standard operating procedure of the local government

**James C. Mahan**
**U.S. District Judge**

- 7 -

entity; (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (3) an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate.

*Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008) (quotation marks and citations omitted).

Here, plaintiffs insufficiently pled their Section 1983 claim. Plaintiffs repeatedly allege that the damage to the Property, and therefore the violation of their constitutional rights, was caused by LVVWD and SNWA's "policy, practice, or custom." (*See, e.g.*, ECF No. 18 at ¶ 34[4]). However, plaintiffs do not support these threadbare conclusions with any specific factual allegations.

As plaintiffs plead nothing beyond a recitation of the elements of the cause of action to suggest that a policy, custom, or practice plausibly existed, they fail to state a claim for relief under Section 1983. *See, e.g.*, *Estate of Osuna v. Cnty. of Stanislaus*, 392 F. Supp. 3d 1162, 1174 (E.D. Ca. 2019) ("[T]he complaint must contain sufficient factual allegation to plausibly suggest a policy or custom, as opposed to merely random, unconnected acts of misconduct . . . ."); *D. R. v. Contra Costa Cnty. CA*, No. 19-CV-07152, 2020 WL 5526604 (N.D. Cal. Sept. 15, 2020) (dismissing a *Monell* claim for lacking support of underlying factual allegations).

Accordingly, plaintiffs' first claim for relief is DISMISSED without prejudice.

2. <u>Plaintiffs' Section 1983 civil conspiracy claim</u>

The elements of conspiracy under Section 1983 are: (1) the existence of an express or implied agreement among the defendants to deprive plaintiffs of their constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement. *Ting v. U.S.*, 927 F.2d 1504, 1512 (9th Cir. 1991). Crucial to this cause of action is whether there was "an agreement or meeting of the minds" to violate plaintiffs' constitutional rights. *See Woodrum v. Woodward Co.*, 866 F.2d 1121, 1126 (9th Cir. 1989).

---

[4] "Defendants have a policy, practice or custom of purposefully discharging water with knowledge that the runoff flows directly to [the] Property, pools, seeps into the soil, and causes further damage."

James C. Mahan
U.S. District Judge

- 8 -

Plaintiffs fail to allege facts sufficient for the court to plausibly conclude that an *agreement* to deprive the plaintiffs of their constitutional rights existed amongst the defendants. (*See* ECF No. 10 at 13). To support an inference of an agreement, plaintiffs allege nothing more than that the defendants own adjacent parcels of land and have equal access to the Reservoir facilities. (*See, e.g.*, ECF No. 1 at ¶¶ 58–59). The court cannot, on those allegations, draw a reasonable inference of any such agreement. With nothing more than conclusory allegations, plaintiffs' sixth claim fails.

Accordingly, plaintiffs' sixth claim for relief is DISMISSED without prejudice.

3. Punitive damages

Municipalities and local governments are "immune from punitive damages under [Section] 1983." *City of Newport*, 453 U.S. at 266, 271. As previously discussed, LVVWD and SNWA are municipalities, and CNLV is a local government. Accordingly, all claims for punitive damages arising under Section 1983 against defendants are DISMISSED with prejudice. *James v. City of Henderson*, No. 19-CV-1207 (JCM), 2020 WL 5775752, at *5 (D. Nev. Sept. 28, 2020).

**D. Plaintiffs' state law claims**

Having dismissed plaintiffs' Section 1983 claims, plaintiffs' only remaining claims are state law claims. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state law claims if all original jurisdiction claims have been dismissed. It is well-settled that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

The court declines to exercise supplemental jurisdiction. Accordingly, plaintiffs' second through eighth claims are DISMISSED without prejudice.

**E. Plaintiffs' request for leave to amend**

Plaintiffs request leave to amend their complaint. (ECF No. 33 at 15; ECF 37 at 20). Defendants argue that leave should not be granted because "there is no reason to assume

James C. Mahan
U.S. District Judge

- 9 -

1  [plaintiffs] are capable of saving their complaint." (ECF No. 34 at 10; ECF No. 36 at 5 *and* ECF No. 36-2 at 11).  The court disagrees.

Accordingly, the court dismisses plaintiffs' claims—other than the claims for punitive damages—without prejudice.

### IV.   CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that LVVWD and SNWA's motion to dismiss (ECF No. 11) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that LVVWD and SNWA's motion to dismiss plaintiffs' FAC (ECF No. 21) be, and the same hereby is, GRANTED.  Plaintiffs' claims for punitive damages against all defendants are DISMISSED with prejudice.  Plaintiffs' remaining claims against LVVWD and SNWA are DISMISSED without prejudice.

IT IS FURTHER ORDERED that plaintiffs' motion to strike CNLV's joinder (ECF No. 32) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that CNLV's motion for judgment on the pleadings (ECF No. 36) be, and the same hereby is, GRANTED.  Plaintiffs' claims against CNLV are DISMISSED without prejudice.

DATED September 20, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**